UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SANDRA STUDZINSKI,

      Plaintiff,

  -vs-

CASE NO. 06-13997
HON. DENISE PAGE HOOD

CITY OF DETROIT,

      Defendant.
_____/

## ORDER GRANTING PLAINTIFF'S MOTION FOR ENTRY OF JUDGMENT

**I.    INTRODUCTION**

Before the Court is Plaintiff, Sandra Studzinksi's Motion for Entry of Judgment, filed on February 2, 2010. On March 10, 2010, Defendant filed a Response to Plaintiff's Motion for Entry of Judgment.[1] A hearing on these matters was held on March 11, 2010.

**II.    STATEMENT OF FACTS**

On September 11, 2006, Plaintiff filed the Complaint in the instant matter alleging that Defendant violated her First Amendment rights under the U.S. Constitution, as well as her rights to free speech under the Michigan Constitution for constructively discharging her from employment

---

[1] On February 19, 2010, Defendant filed an *Ex Parte* Motion for More Time to Respond to Plaintiff's Motion for Entry of Judgment. *See* Dkt. No. 23. Defendant's counsel requested additional time to respond to Plaintiff's Motion for Entry of Judgment, specifically until March 16, 2010. On February 19, 2010, Plaintiff filed a Brief in Response to Defendant's request for additional time. *See* Dkt. No. 24. Plaintiff objected to Defendant's request, arguing that Defendant failed to demonstrate merit, and was actually attempting to gain advantage in a related matter filed in state court.

-1-

for protected speech. In Count III of her Complaint, Plaintiff alleged tortious interference with contractual relations by causing Plaintiff to lose her subsequent employment. On December 11, 2007, the parties executed an Agreement to Submit Controversy to Arbitration. The parties submitted this Agreement to the Court at a settlement conference conducted on that same date. See Dkt. No. 16. The Court entered a Stipulated Order to Refer Case to Binding Arbitration on December 20, 2007. On April 10, 2008, the parties executed a Supplemental Agreement to Agreement to Submit Controversy to Arbitration that, among other things, appointed Kathleen Bogas as sole arbitrator.

Ms. Bogas conducted fourteen days of hearing commencing on November 3, 2008 and concluding on July 29, 2009. The parties agreed that briefs would be submitted in lieu of closing arguments on July 16, 2009. Section 4.8 of the Agreement states:

4.8 Closing the Hearing. The Arbitrator shall determine that there is nothing further to be considered before closing the hearing, and shall determine whether post-hearing briefs may be submitted.

See Plf.'s Mot. for Ent. of Judg., Ex. 1 at 3. After an off-the-record discussion, the arbitrator summarized the parties' agreement as follows:

> ARBITRATOR BOGAS: We've had a discussion off the record and it's been agreed between the parties that both parties will simultaneously . . . submit their initial closing brief, which will basically take the place of closing argument and I assume will contain both facts and law to the extent necessary as determined by each of the parties.
> Those will be submitted to me no later than August 28, 2009. They will be submitted to me individually and when I receive them both, I will then submit them to the other side via E-mail, giving verification.
>
>     \*                            \*                            \*
> Reply briefs will be handled the same way. They will be submitted by September 18, 2009.

*See* Plf.'s Reply, Ex. 6 pp. 108-09.  The parties later agreed to extend the date for filing their briefs to September 1, 2009.  See Plf.'s Reply, Ex. 7 at 1-2.  The date for filing reply briefs, originally scheduled for September 18, 2009, was adjourned to September 25, 2009 by the parties.

The arbitrator issued her initial opinion on December 2, 2009, finding for Plaintiff on Counts I and II and for Defendant on Count III of the Complaint.  Because the Defendant neglected to address the issue of damages in its initial brief, Ms. Bogas directed the parties to submit specific briefing on the damage subject.  The last brief submitted on this issue occurred on December 23, 2009.  The arbitrator issued her final award seven days later, on December 30, 2009.

On January 20, 2010, Defendant filed a separate action in the Wayne County Circuit Court to vacate the arbitrator's award.  On March 4, 2010, Plaintiff removed Defendant's action to this Court.  The case has since been consolidated with the present matter.  *See* case number 10-10877.

## III.   APPLICABLE LAW & ANALYSIS

This Court has jurisdiction over this matter pursuant to the Federal Arbitration Act (FAA), 9 U.S.C. § 9 *et seq*. and federal common law.   Under the FAA, a court must grant an order confirming the arbitration award, "unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title."  9 U.S.C. § 9.  Section 10(a) provides that:

> (a) In any of the following cases the United States court in and for the district wherein the award was made may make an order vacating the award upon the application of any party to the arbitration–
> (1) where the award was procured by corruption, fraud, or undue means;
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was

not made.

9 U.S.C. § 10. Defendant raises three reasons as to why this Court should not enter judgment: (1) The arbitrator violated the terms of the arbitration agreement; (2) the arbitrator manifestly disregarded the law; and (3) the arbitrator's partiality was evident. Defendant therefore argues that sections 10(a)(2) and (4) of the FAA are applicable and require this Court to vacate the arbitrator's award. None of Defendant's reasons have merit.

The FAA "expresses a presumption that arbitration awards will be confirmed." *Nationwide Mut. Ins. Co. v. Homes Ins. Co.*, 429 F. 3d 640, 643 (6th Cir. 2005). "When courts are called on to review an arbitrator's decision, the review is very narrow; one of the narrowest standards of judicial review in all of American jurisprudence." *Lattimer-Stevens Co. v. United Steelworkers of Am.*, 913 F. 2d 1166, 1169 (6th Cir. 1990). Further, "the question of interpretation of the [agreement] is a question for the arbitrator. It is the arbitrator's construction which was bargained for; and so far as the arbitrator's decision concerns construction of the [agreement], the courts have no business overruling him because their interpretation of the contract is different from his." *United Steelworkers of Am. v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 599 (1960); *see also Beacon Journal Publ'g Co. v. Akron Newspaper Guild, Local No. 7*, 114 F. 3d 596, 599 (6th Cir. 1997) (observing that "[t]he Supreme Court has made clear . . . that courts must accord an arbitrator's decision substantial deference because it is the arbitrator's construction of the agreement, not the court's construction, to which the parties have agreed."). In *Federated Dept. Stores v. J.V.B. Industries, Inc.*, 894 F. 2d 862, 866 (6th Cir. 1990), the Sixth Circuit held that a party seeking to review must establish that "the arbitrators so exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made."

Additionally, the *Federated* court held that:

> As long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed serious error does not suffice to overturn his decision.

*Id.* Defendant argues that the arbitrator exceeded her authority by issuing her decision beyond the filing deadline imposed by the Agreement. Section 5.2 of the parties' Arbitration Agreement states:

> <u>Delivery and Form of Award</u>. The Arbitrator's Award shall be in writing, signed by the Arbitrator, and delivered to each party's attorney no later than 30 days after the close of the hearing. The Arbitrator's written award shall articulate the factual findings relevant to the resolution of the case, the law and authorities the Arbitrator considers controlling, and the manner in which the law applies to the factual findings and supports the Arbitrator's conclusions.

*See* Plf.'s Mot. for Ent. of Judg., Ex. 1 at 4. Defendant's argues that since the close of the hearing was on July 29, 2009, and the Agreement required her to issue her decision within thirty days, Ms. Bogas was divested of authority to render a binding decision in this case because she issued two decisions well beyond this deadline, December 2, 2009 and December 30, 2009. Defendant's argument requires this Court to ignore the arbitrator's interpretation of when the close of the hearing occurred, which this Court is without authority to do. The arbitrator construed the 'close of the hearing' language to mean that the time for rendering her final decision would begin to run when the parties had completed the briefing process. Such briefing was completed on December 23, 2009 and the final award was issued on December 30, 2009, well within the thirty day limit contained in the parties' Agreement. Further, the arbitrator's interpretation of the timing deadline is consistent with the American Arbitration Association's standards.

Defendant has waived this timing defense. Defendant never once raised this issue during the pendency of the proceedings before the arbitrator. In fact, Defendant and Plaintiff both participated with the arbitrator in scheduling the briefing deadlines. Defendant never indicated that the briefing

schedule agreed to by the parties, would result in the arbitrator losing jurisdiction to render her decision because the first brief was due beyond thirty days from July 29, 2009, the last day that testimony was taken. Defendant also asked for extensions of time in which to submit its briefs. When the arbitrator ordered the parties to submit additional briefing on the damages issue, because Defendant failed to address this in its initial brief, Defendant never raised any objection to the arbitrator's authority. Defendant has thereby waived its untimeliness defense. *See Green v. Ameritech Corp.*, 12 F. Supp. 2d 662, 664-65 (E.D. Mich. 1998), *rev'd on other grounds*, 200 F. 3d 967 (6th Cir. 2000) (district court denies the plaintiff's untimeliness argument when the plaintiff failed to object to the arbitrator rendering a decision after the stipulated time had elapsed, even though the arbitrator's decision was submitted approximately one year after the deadline in the parties' agreement). Defendant has also failed to demonstrate, or argue, that it suffered prejudice as a result of the delay. *Id.* at 665.

Defendant's reliance on *Jones v. St. Louis-San Francisco Railway Co.*, 728 F. 2d 257 (6th Cir. 1984) is misplaced and distinguishable from the present matter. In *Jones*, the Sixth Circuit held that the district court erred in upholding the arbitration decision to not reinstate the plaintiff's employment. *Id.* at 260, 266. The Sixth Circuit relied on the fact that the decision was issued fourteen months after the hearing, despite the agreement that it be rendered within fifteen days of the hearing and the plaintiff's multiple contacts to various state and local officials to try to force the arbitrators to render their decision. *Id.* at 260. The *Jones* court went on to state that:

> Since the agreement in the case at bar did not unequivocally state that jurisdiction would terminate on the sixteenth day, we believe that the fifteen-day time period was a goal set to encourage prompt determination of the arbitrable issue. Therefore, the jurisdiction of the arbitration board to resolve this dispute did not expire until a reasonable time thereafter.

*Id.* at 265. In reversing the district court, the *Jones* court concluded that the award should not have been upheld because the plaintiff had made several objections and suffered prejudice because the underlying dispute involved an accident in the railroad yard, and the delay would impact witness' memories. *Id.* at 265-66. ("[A] court should always have the discretion to uphold a late award when no objection to the delay has been made prior to the rendition of the award or there is no showing that harm was caused by the delay.") This is inapposite to the facts here. Defendant never objected to the alleged delay of the arbitrator in rendering her decision, nor has Defendant presented any argument or evidence suggesting it was prejudiced.

Defendant next argues that the arbitrator demonstrated partiality in favor of Plaintiff. This argument likewise has no merit. The gist of Defendant's argument is that the arbitrator refused to allow Defendant to raise its governmental immunity as a defense by motion at the close of Plaintiff's proofs. However, the arbitrator, in doing so, was relying on the express terms of the parties' Agreement contained in section 3.3, which states:

> All motions, including motions to exclude evidence, shall be filed with the Arbitrator and served on the opposing party not less than twenty-one (21) days before the first date scheduled for hearing.

*See* Plf.'s Mot. for Ent. of Judg., Ex. 1 at 2. Additionally, Defendant's argument that the arbitrator was biased is perplexing considering she allowed Defendant to raise this argument in its initial brief and found in Defendant's favor on the issue. Defendant claims that the arbitrator allowed Plaintiff to file a motion two days after the hearing commenced, but the Court likewise fails to discern bias on the arbitrator's part. Defendant did not raise an objection when Plaintiff orally asserted this motion regarding sequestration of witnesses, and the arbitrator ruled against Plaintiff. Defendant has failed to establish that the arbitrator was partial toward Plaintiff and her position.

Defendant further maintains that the arbitrator disregarded the law. Defendant argues that *Jones v. Powell*, 462 Mich. 329 (2000) prevented Plaintiff from asserting a claim under the Michigan constitution when she had a simultaneous remedy under Section 1983. The arbitrator concluded:

> Plaintiff claims that she may proceed on the protected speech theory under both the Michigan and United States Constitutions. In support of her position she cites *Smith v. City of Holland*, 102 F. Supp. 2d 422 (W.D. Mich. 2000).
> Defendant claims that the Michigan Constitutional claim must fail because she has pled a claim under the United States Constitution. In support of its position, Defendant cites *Jones v. Powell*, 462 Mich. 329 (2000), a per curiam opinion in lieu of granting leave to appeal.
> These two decisions were issued within one month of each other and neither addresses the issue on point.
> The Arbitrator finds that claims may be maintained under both the Federal and State Constitution without any clear direction to the contrary and that the Defendant violated protections provided to Plaintiff by the Michigan Constitution.

Plf.'s Mot. for Ent. of Judg., Ex. 4 at 29-30. This Court concludes that the arbitrator's decision does not demonstrate a disregard for the law. The arbitrator concluded that there was no law on point, the absence of which prevented her from precluding Plaintiff from asserting claims under both the Michigan and United States Constitutions. This last argument likewise does not support Defendant's contention that the arbitration award should be vacated.

## IV. CONCLUSION

Accordingly,

IT IS ORDERED that Plaintiff's Motion for Entry of Judgment Pursuant to Arbitration Award or, in the Alternative, for an Order Requiring Defendant to Show Cause Why It Should Not Be Held in Contempt For Failing to Consent to Entry of Stipulated Judgment; Plaintiff's Motion for Entry of Judgment Interest [**Docket No. 20, filed on February 2, 2010**] is GRANTED.

IT IS FURTHER ORDERED that Defendant's Ex Parte Motion for More Time to Respond

to Plaintiff's Motion for Entry of Judgment [**Docket No. 23, filed on February 19, 2010**] is MOOT.

IT IS FURTHER ORDERED that judgment is entered in favor of Plaintiff in the amount of $915, 932.52. This amount includes interest from the date of the filing of the Complaint through the date of the award.

IT IS FURTHER ORDERED that interest on the sum the arbitrator awarded at the rate specified in MICH. COMP. LAWS § 600.6013 shall run from December 30, 2009, the date of the award, to the date that judgment is satisfied.

IT IS SO ORDERED.


S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: March 15, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 15, 2010, by electronic and/or ordinary mail.

S/William F. Lewis
Case Manager